IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANNETHER PLATT,  )
  )
      Plaintiff,  )
  )
v.  )  CIVIL ACTION NO.: CV505-017
  )
JO ANNE B. BARNHART,  )
Commissioner of Social Security,  )
  )
      Defendant.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("the ALJ" or "ALJ Stables") denying her claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments on January 14, 1999, alleging that she became disabled on February 7, 1998, due to headaches, constant pain, elevated blood pressure, and arthritis. (Tr. at 33.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 22, 1999, ALJ Stables held a hearing at which Plaintiff appeared and testified and was represented by counsel; on October 12, 2000, a

AO 72A
(Rev. 8/82)

supplemental hearing was conducted to obtain the testimony of David B. Shields, a vocational expert. (Tr. at 293.) ALJ Stables issued a decision on December 7, 2000, and found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 294.) The Appeals Council remanded the case to the ALJ for further administrative proceedings, as the hearing tape could not be located. (Tr. at 326.) Plaintiff filed another application for benefits and payments with a protective filing date of January 3, 2001, and the ALJ consolidated Plaintiff's applications. (Tr. at 32.) ALJ Stables conducted a video teleconference on July 23, 2004, at which Plaintiff appeared and testified and was represented by counsel. Paul Dolan, a vocational expert, testified. ALJ Stables issued a decision on August 24, 2004, and found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 33.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 23.)

Plaintiff, born on March 16, 1945, was fifty-nine (59) years old when ALJ Stables issued his decision. She has a high school education. (Tr. at 33.) Her past relevant work experience includes employment as a sewing machine operator, babysitter, hand presser, and health care provider in a nursing home. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then

AO 72A
(Rev. 8/82)

benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of February 7, 1998, there was no evidence that Plaintiff engaged

in substantial gainful activity.[1] (Tr. at 34.) At Step Two, the ALJ determined that Plaintiff had the following "severe" impairments: hypertension with pre- or early congestive heart failure; lower extremity edema without end organ damage; frequent headaches; asthma; mild dextroscoliosis L-3; small osteophyte bilateral knees; and small osteophyte and arthritis of the right hip. (Tr. at 37.) However, ALJ Stables also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff retained the following residual functional capacity: to perform light duty work with the ability to stand/walk for 4 hours total out of an 8-hour workday for 1 hour at a time; sitting was unaffected; occasional bending, squatting, or kneeling; and avoidance of frequent exposure to chemicals, dust, fumes, or smoke. (Tr. at 38.) At the next step, ALJ Stables determined that the demands of Plaintiff's past relevant work as a sewing machine operator, as it was generally performed in the national economy, did not exceed the scope of her residual functional capacity; accordingly, ALJ Stables found Plaintiff "not disabled." (Tr. at 38-39.)

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by:

I. Failing to order a consultative orthopedic evaluation, including x-rays, as requested by counsel;

II. Failing to properly evaluate the effect of her elevated, uncontrolled blood pressure and blood sugar on her ability to work;

---

[1] ALJ Stables noted that Plaintiff worked two different jobs and earned over $6,700.00 in 2000; however, he also noted that Plaintiff's earnings did not rise to the substantial gainful activity level for a whole year of work. The ALJ gave Plaintiff the benefit of the doubt in deciding that she was not engaged in substantial gainful activity since her alleged onset date. (Tr. at 34.)

4

III.   Finding that Plaintiff could return to her past relevant work as a sewing machine operator.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

5

## DISCUSSION AND CITATION OF AUTHORITY

**I.      The Failure to Obtain a Consultative Evaluation.**

Plaintiff contends that the ALJ had no current x-ray evidence to substantiate the severity of her condition. Plaintiff also contends that the ALJ did not fulfill his duty to fairly and fully develop the record because he did not order a consultative orthopedic examination or a consultative internist examination which included x-rays and objective testing. Plaintiff asserts that ALJ Stables did not assess her severe arthritis and pain with the benefit of current x-ray evidence regarding her arthritic problem. Plaintiff states that this "is especially true when x-rays done in the past in various parts of [her] body corroborated allegations of shoulders, knees, and ankles[sic]." (Pl.'s Br., p. 11.)

Defendant contends that an ALJ has no duty to order a consultative examination when there is enough information in the record for an ALJ to render an informed determination. Defendant asserts that ALJ Stables sent Plaintiff for two consultative examinations. Defendant also asserts that Dr. Wallace examined Plaintiff on two occasions and issued two separate assessments of her functional abilities. Defendant further asserts that Dr. Wallace reviewed Plaintiff's x-ray results as part of his first examination. Defendant contends that Dr. Wallace tested the areas that Plaintiff claims need to be x-rayed. Defendant alleges that Dr. Wallace found no significant limitation of Plaintiff's range of motion of her major joints and that the need for x-ray testing never arose. (Def.'s Br., p. 8.) Defendant avers that Plaintiff does not make a showing that the lack of x-rays affected the ALJ's findings.

"[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir.1984). "An ALJ, however, is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is unnecessary." Wind v. Barnhart, 133 Fed. Appx. 684, 693 (11th Cir. 2005).

ALJ Stables' failure to obtain a consultative examination is supported by substantial evidence. ALJ Stables reviewed Plaintiff's medical records concerning the physical impairments which she alleged made her disabled. ALJ Stables specifically stated that he reviewed the records provided by Dr. K. R. Ramesh, McKinney Community Health Center, Dr. William Pilcher, Satilla Regional Medical Center, and Dr. Stanley Wallace. (Tr. at 34-37.) The dates of these records ranged from March 1998 through July 2004, just one month before Plaintiff's second hearing. (Id.) The ALJ utilized all of Plaintiff's medical records, as well as other evidence of record, in reaching his conclusion that Plaintiff was not disabled within the meaning of the Act. (Tr. at 38.) Thus, obtaining a consultative examination was unnecessary, and ALJ Stables did not err in failing to do so.

II.   **Plaintiff's Blood Pressure/Blood Sugar.**

Plaintiff avers that ALJ Stables found that her conditions were better controlled when she adhered to her prescribed regimen but failed to address her elevated blood sugar levels and blood pressure or the effect they had on her ability to work on a regular and sustained basis. Plaintiff contends that her treating physicians repeatedly stated that the problem with her obtaining medications was due to financial constraints, which excused her from her non-compliance. Plaintiff also contends that her financial inability to obtain

7

her medications "cannot form the basis for discounting her problems[.]" (Pl.'s Br., p. 13.) Defendant asserts that Plaintiff misconstrues the ALJ's analysis as to these conditions and that this enumeration of error is essentially a "red herring." (Def.'s Br., p. 9.)

A claimant's inability to pay for medical care is only an issue when an ALJ relied on a claimant's failure to obtain or comply with medical treatment as the sole reason for denying disability benefits. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). In evaluating Plaintiff's diabetes, ALJ Stables determined that this condition "has not been documented to cause any end organ damage or significant disorganization of motor functioning in two extremities resulting in sustained disturbance of gross and dexterous movements. [Plaintiff's] diabetes is therefore non-severe." (Tr. at 37.) Likewise, ALJ Stables' evaluation of Plaintiff's hypertension revealed that her condition was being treated with medication and that her hypertension was better controlled when she adhered to the prescribed regimen. ALJ Stables noted that there was no evidence of any end organ damage as a result of Plaintiff's elevated blood pressure. (Id.) These are the only statements ALJ Stables made regarding these conditions. The ALJ's conclusions regarding these conditions do not contain even the implication, let alone an express statement, that he considered Plaintiff's financial situation. Plaintiff's contention to the contrary is erroneous.

### III. Plaintiff's Past Relevant Work as Sewing Machine Operator.

Plaintiff alleges that ALJ Stables' finding that she could return to her past relevant work as a sewing machine operator is not supported by substantial evidence. Plaintiff also alleges that ALJ Stables failed to consider all of the duties of this work and then evaluate whether Plaintiff was able to perform these duties in spite of her actual impairments.

8

Defendant asserts that Plaintiff fails to demonstrate that she cannot perform the type of work she performed in the past, and therefore, she fails to meet her burden to establish disability.

"In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain" findings of fact as to the individual's residual functional capacity, the physical and mental demands of the past job, and whether the individual's residual functional capacity would permit a return to her past job or occupation. Social Security Ruling 82-62, 1982 WL 31386, *4 (1982). The ability to perform a past job requires that the duties be carried out as they are ordinarily required by employers in the national economy. Social Security Ruling 82-61, 1982 WL 31387, *2 (1982).

ALJ Stables made a finding of fact as to Plaintiff's residual functional capacity, which is discussed in the "ALJ's Findings" section of this Report. The ALJ found that the vocational expert's testimony revealed that Plaintiff could perform her past relevant work as a sewing machine operator as this job is generally performed in the national economy. (Tr. at 38, 98.) The ALJ's decision that Plaintiff could return to her past relevant work as a sewing machine operator, as this job is performed in the nationally economy, is supported by substantial evidence. ALJ Stables relied on all the evidence of record, including any relevant medical records and the testimony of a vocational expert. Thus, ALJ Stables did not err in reaching his conclusion that Plaintiff was not disabled within the meaning of the Act.

9

AO 72A
(Rev. 8/82)

## **CONCLUSION**

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 14th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)